## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

PAUL L. CABBLE ET AL   :  CIVIL ACTION NO.:  6:14-cv-00765

VERSUS       :  JUDGE: RICHARD T. HAIK, SR.

GREGORY CURLIN ET AL,  :  MAGISTRATE:  PATRICK J. HANNA
ARNOLD TRANSPORTATION,
ZURICH AMERICAN INSURANCE :  JURY TRIAL REQUESTED
COMPANY

---

### FIRST AMENDING ANSWER TO PETITION FOR DAMAGES

 NOW INTO COURT, through undersigned counsel come Gregory Curlin, Arnold Transportation Service and Zurich American Insurance Company, sought to be made defendants in the captioned matter, who, for its Amending Answer to plaintiff's Petition for Damages respectfully aver:

### FIRST DEFENSE-STANDING

 Plaintiff lacks standing because his claims are barred.  Having filed for Bankruptcy protection, all of the plaintiffs assets including these claims became property of his bankruptcy estate, and having failed to disclose the claims he lacks standing to pursue these claims.

### SECOND DEFENSE-JUDICIAL ESTOPPEL

 The plaintiffs' claims are barred by the doctrine of judicial estoppel which prevents a party from taking inconsistent positions by prosecuting claims not disclosed in a bankruptcy proceeding.  The plaintiff had affirmative duty to disclose those assets including causes of action to the Bankruptcy court and failed to do so and thereby represented he had no such claims.  He cannot now take the inconsistent and opposite position that he does he have a claim.

1.

Except to admit the status and domicile of the named defendants, the allegations of paragraph one of plaintiff's Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

2.

The allegations of paragraph two of plaintiff's Petition for Damages do not require an answer on behalf of these defendants.

3.

The allegations of paragraph three of plaintiff's Petition for Damages are admitted.

4.

The allegations of paragraph four of plaintiff's Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

5.

The allegations of paragraph five of plaintiff's Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

6.

The allegations of paragraph six of plaintiff's Petition for Damages are denied.

7.

The allegations of paragraph seven of plaintiff's Petition for Damages are denied.

8.

The allegations of paragraph eight of plaintiff's Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

9.

The allegations of paragraph nine of plaintiff's Petition for Damages are denied.

10.

The allegations of paragraph ten of plaintiff's Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein..

11.

The allegations of paragraph eleven of plaintiff's Petition for Damages are denied for lack of sufficient information upon which to justify a belief therein.

12.

The allegations of paragraph twelve of plaintiff's Petition for Damages are denied.

13.

The allegations of paragraph thirteen of plaintiff's Petition for Damages are denied.

14.

AND NOW, IN FURTHER ANSWERING the allegations of plaintiff's Petition for Damages, Greogry Curlin, Arnold Transportation Service and Zurich American Insurance Company, specifically deny that they, or anyone for whom they may be responsible were negligent or at fault in causing the damages to plaintiff herein, if any, but, rather, aver that said accident was caused by the sole fault of Paul L. Cabble, said acts of fault being set forth in the following non-exclusive list of particulars:

a.      In leaving his lane of travel and striking the vehicle operated by Gregory Curlin;

b.      In failing to see what he should have seen and after seeing same in failing to do what he should have done;

15.

Alternatively, and only in the event that this Honorable Court should find that these defendants are liable to plaintiff in any manner whatsoever, which is at all times denied, then, in that event, Greogry Curlin, Arnold Transportation Service and Zurich American Insurance Company specifically plead the fault of Paul L. Cabble as a complete bar to any recovery herein, and alternatively, in mitigation of damages.

16.

Defendants aver that they are entitled to and hereby request a trial by jury on all issues in this matter.

Defendants reaver, reiterate and reallege each and every answer and affirmative defense set forth in each and every pleading filed by defendants as if copied herein in extenso.

WHEREFORE, premises considered, these defendants pray that this First Amending and Answer to Petition for Damages be deemed good and sufficient and that after all legal delays and due proceedings, there be judgment herein in their favor and against plaintiff with prejudice and at plaintiff's cost.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted,

**The Dill Firm, A.P.L.C.**

/s/ James M. Dill

BY:    _____

JAMES M. DILL (Bar Roll #18868)
825 Lafayette Street, Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408
Facsimile: (337) 261-9176
ATTORNEY FOR **GREGORY CURLIN
ET AL., ARNOLD TRANSPORTATION
SERVICES, INC. AND ZURICH
AMERICAN INSURANCE COMPANY**

## <u>CERTIFICATE</u>

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon counsel for all parties to this proceeding by mailing the same to each by first class United States mail, properly addressed, postage prepaid, at the last known address.

Lafayette, Louisiana, this 6th day of May, 2015.

/s/ James M. Dill

_____
JAMES M. DILL